IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KENNETH L. EVANS, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-749-CFC |
| NANCY A. BERRYHILL,<br>Deputy Commissioner of<br>Social Security, | : | |
| Defendant. | : | |

## **MEMORANDUM ORDER**

At Wilmington this Twenty-first day of May in 2019, having reviewed the Report and Recommendation issued by the Magistrate Judge on February 12, 2019 (D.I. 23) and the objections filed thereto by Plaintiff (D.I. 24) and Defendant's response (D.I. 25), IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 636(b)(1), the Report and Recommendation is REJECTED and Plaintiff's objections are SUSTAINED IN PART for these reasons:

1. A district court judge is charged with conducting de novo review of a magistrate judge's report and recommendation when specific written objections are made. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court judge may "accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2. Plaintiff filed claims for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act in 2013. His claims were denied on multiple occasions by an administrative law judge (ALJ). The ALJ's last decision was issued in December 2014. Plaintiff sought review of that decision by the Appeals Council, which denied that review in June 2016. Plaintiff then sought relief from the Appeal Council's decision by filing an action in this Court in August 2016. In 2017, Plaintiff and the Commissioner filed cross-motions for summary judgment. In September 2018, the case was reassigned to this judge. In November 2018, the case was referred to the magistrate judge. In February 2019, the magistrate judge issued her report and recommendation.

3. Plaintiff seeks in his motion for summary judgment the entry of a judgment order reversing the Commissioner's decision to deny him benefits or, alternatively, remanding his case for further administrative proceedings. The Commissioner seeks by her summary judgment motion the entry of a judgment order affirming the ALJ's decision.

4. The Magistrate Judge recommended that I deny Plaintiff's motion and grant the Commissioner's motion. D.I. 23 at 23.

5.  Plaintiff's arguments overlap to some extent, but distilled to their essence, the arguments take exception with ALJ's findings regarding (1) the severity of Plaintiff's disability, (2) Plaintiff's residual function capacity (RFC), and (3) the opinions of Plaintiff's treating physician. An issue relevant to all three findings is whether and, if so, to what extent, Plaintiff requires the use of a cane for balancing.

6.  The ALJ concluded that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except he can frequently climb ramps and stairs and never climb ladders, ropes or scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; he can have no concentrated exposure to . . . hazards such as machinery and heights . . . and he is limited to simple, routine work.

D.I. 10-2 at 28 (emphasis added).

7.  "Light work" is defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) as

> involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

3

8. The parties agree that "frequently" is defined as "up to two-thirds of an eight-hour work-day" (Tr. of May 21, 2019 Hr'g at 9:14–16; 10:19–25; 39:5–9) and that "frequently balance" is therefore a restriction above and beyond what "light work" would otherwise entail. Accordingly, we know from the ALJ's putting a "frequently balancing" restriction in his RFC finding that the ALJ considered Plaintiff's balancing capabilities in determining Plaintiff's RFC.

9. The ALJ also concluded that "[p]ostural limitations [in the RFC] address . . . [Plaintiff's] need for a cane due to balance issues." D.I. 10-2 at 30. There are, however, no postural limitations in the RFC that address Plaintiff's need for a cane. There is, as just noted, a postural limitation in the RFC related to balancing; but it is not clear that this balancing limitation has anything to do with Plaintiff's need for or use of a cane. Indeed, the word "cane" does not appear in the RFC finding.

10. Plaintiff reasonably reads the ALJ's statement that "[p]ostural limitations [in the RFC] address . . . [Plaintiff's] need for a cane" as constituting an implicit finding by the ALJ that Plaintiff needs a cane. Thus, Plaintiff argues, "[w]ith this statement, the ALJ intended to include this limitation [of needing a cane] in his RFC finding." D.I. 24 at 4.

11. I cannot discern from the ALJ's opinion whether Plaintiff is correct that the ALJ intended to include in Plaintiff's RFC a postural limitation for cane

4

use. Plaintiff might be right; but it might also be the case that the ALJ had in mind by "postural limitations" the "frequently balancing" limitation in his RFC finding. Alternatively, as the Magistrate Judge seems to have concluded, *see* D.I. 23 at 19, the ALJ could have determined that Plaintiff no longer needs a cane.

12. It is, in short, unclear from the record (1) what the ALJ meant when he stated that "[p]ostural limitations [in the RFC] address . . . [Plaintiff's] need for a cane"; (2) whether the ALJ's RFC finding was meant to include a postural limitation for cane use; and (3) what the ALJ's factual findings were with respect to Plaintiff's need for a cane. Absent clarity with respect to these issues, I cannot determine whether substantial evidence exists to uphold the ALJ's findings that Plaintiff contests on appeal. Accordingly, I will remand the case to the ALJ to clarify his findings with respect to these issues. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."); *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (remanding case to ALJ for further proceedings where court found "it impossible to determine whether the ALJ's finding that [the plaintiff] can perform light work is supported by substantial evidence"); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981) (stating that ALJ's finding of residual functional capacity must "be accompanied by a clear and satisfactory explication of the basis on which it rests").

WHEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation (D.I. 24) are DENIED IN PART AND SUSTAINED IN PART;

2. The Report and Recommendation (D.I. 23) is REJECTED;

3. Plaintiff's Motion for Summary Judgment (D.I. 14) is DENIED IN PART AND GRANTED IN PART;

4. Defendant's Motion for Summary Judgment (D.I. 17) is DENIED; and

5. The case is REMANDED to the Commissioner for additional proceedings consistent with this Order.

IT IS SO ORDERED.

*[signature]*
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE